UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FEDERAL DEPOSIT INSURANCE**
**CORPORATION as RECEIVER**
**OF MICHIGAN HERITAGE BANK,**

      **Plaintiff,**                  CIVIL ACTION NO. 11-CV-13442

 vs.                                DISTRICT JUDGE BERNARD A. FRIEDMAN

**TIMOTHY J. CUTTLE,**            MAGISTRATE JUDGE MONA K. MAJZOUB

      **Defendant.**

                              /

**ORDER GRANTING IN PART DEFENDANT TIMOTHY J. CUTTLE'S MOTION TO**
**COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITION OF WITNESS**
**UNDER FED. R. CIV. P. 30(b)(6) (DOCKET NO. 48)**

This matter comes before the Court on Defendant Timothy J. Cuttle's motion to compel production of documents and deposition of witness under Fed. R. Civ. P. 30(b)(6). (Docket no. 48). Plaintiff Federal Deposit Insurance Corporation as Receiver for Michigan Heritage Bank (FDIC-R) filed a response to the motion. (Docket no. 55). Defendant filed a reply. (Docket no. 59). The parties filed a Statement of Resolved and Unresolved Issues. (Docket no. 61). The motion has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 49). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The Court is ready to rule on the motion.

The FDIC-R initiated this lawsuit against Timothy Cuttle, a former loan officer of Michigan Heritage Bank, on August 8, 2011, seeking to recover approximately $8.2 million in damages it claims the Bank sustained as a result of Defendant's negligence, gross negligence, and breach of fiduciary duty in connection with eleven loans Defendant allegedly originated or recommended for

1

approval. Defendant shows that he served his Fourth Request for Production of Documents on July 10, 2012, seeking responses to eight document requests. (Docket no. 48, ex. 3). Plaintiff FDIC-R served its responses and objections to the requests on August 9, 2012. (Docket no. 48, ex. 4). The Joint Statement indicates that the parties have resolved their disagreement related to the deposition of a Rule 30(b)(6) witness and as to Request for Production nos. 4 and 5, but they have not been able to resolve their dispute with regard to Request for Production nos. 1, 2, 3, 6, 7, and 8. (Docket no. 61).

Request for Production no. 1 asks Plaintiff to produce documents related to Michigan Heritage Bank reports on variances from the loan policy in connection with any of the loans at issue in this litigation. Request no. 2 asks Plaintiff to produce documents that relate to the contention that the released guarantor, Ali Saberan, had strong creditworthiness. Request no. 8 asks Plaintiff to produce all documents evidencing payments made by Shelby City Place, LLC to either Michigan Heritage Bank or Independent Bank with respect to the loan at issue. Plaintiff FDIC-R responded to each of these requests by stating that it had already produced responsive documents in electronically searchable form as they are kept in the usual course of business. Plaintiff further claims that it provided Defendant with a Production Log setting forth the description of the documents produced, the date the documents were produced, along with the Bates numbered range of the responsive documents and the specific requests to which the documents are responsive. (Docket no. 55, ex. C). Plaintiff contends that the burden to electronically search documents already produced by Plaintiff is no greater for Defendant than for Plaintiff. Defendant contends that the documents Plaintiff produced are not in readily searchable form and asks the Court to compel the FDIC-R to identify by Bates number the documents from its prior production that are responsive to

each particular request.  (Docket no. 61).

Federal Rule of Civil Procedure 34 requires the party who produces documents or electronically stored information to produce them "as they are kept in the usual course of business or . . . organize and label them to correspond to the categories in the request."  Fed. R. Civ. P. 34(b)(2)(E)(i).  If a request does not specify a form for producing electronically stored information, the information must be produced in a form in which it is ordinarily maintained or in a reasonably useable form.  Fed. R. Civ. P. 34(b)(2)(E)(ii).  "A party need not produce the same electronically stored information in more than one form."  Fed. R. Civ. P. 34(b)(2)(E)(iii).

Rule 34(b)(2)(E)(i) is meant to prevent a party from obscuring the significance of documents by giving structure to the production.  *Nolan, L.L.C. v. TDC Int'l Corp.*, No. 06-cv-14907, 2007 WL 3408584, at *2 (E.D. Mich. Nov. 15, 2007) (citing *Johnson v. Kraft Foods, N.A., Inc.*, 236 F.R.D. 535, 540 (D. Kan. 2006)).  The party arguing that it produced documents as they are kept in the usual course of business bears the burden of showing that the documents are so kept.  *Id.*  A party may meet this burden by identifying where the documents were maintained, who maintained them, and whether the documents came from one single source or file or from multiple sources or files.  *Id.*  If the producing party produces documents in the manner in which they are kept in the ordinary course of business, then Rule 34 imposes no further duty to organize and label the documents to correlate to the particular request to which they are responsive.  *Valeo Elec. Sys., Inc. v. Cleveland Die & Mfg. Co.*, No. 08-cv-12486, 2009 WL 1803216, at *3 (E.D. Mich. June 17, 2009).

There is no dispute that Defendant's requests do not specify a form for producing documents or electronically stored information.  Plaintiff shows that it produced a production log to Defendant that provides a description of the documents it produced, the date of production, and the Bates

numbered range of documents along with the requests to which the documents are responsive. Although Plaintiff did not specifically identify where the documents came from, who maintained them or whether they came from single or multiple files, it does appear that Plaintiff produced the documents in a reasonably useable and structured manner. The Court therefore finds that Plaintiff complied with Rule 34 as to Request nos. 1, 2, and 8. The Court will deny Defendant's motion as to these requests.

Request no. 3 asks Plaintiff to produce documents evidencing or relating to the loan file for the loan given by Michigan Heritage Bank to P&S Romulus Properties, LLC, along with any documents relating to Michigan Heritage Bank's efforts to recover funds loaned to P&S Romulus Properties, LLC. Defendant admits that he did not originate the P&S Romulus loan, but indicates that the loan is relevant because it went into default. He claims that he should be permitted to examine the circumstances surrounding the origination of the P&S Romulus loan so that he may compare the conduct of that loan officer with his own conduct at issue in this case. Defendant contends that this information is relevant to show that his actions were consistent with the prevailing practices and procedures at Michigan Heritage Bank. Plaintiff objects to the request on the grounds of relevance, and argues that the burden of producing the documents outweighs any benefit. The Court finds that this request is relevant to the defense. Plaintiff has not demonstrated that the production of these materials would be unduly burdensome. Accordingly, the Court will order Plaintiff to produce all documents responsive to Request no. 3.

Request no. 6 asks Plaintiff to produce documents that support the calculations contained in an identified spreadsheet. Request no. 7 asks Plaintiff to produce all correspondence between Mariner Real Estate Partners, LLC and the FDIC-R with respect to 2010-1 RADC/CADC Venture,

LLC. Defendant contends that Plaintiff produced some responsive documents, but claims that the production is deficient because Plaintiff only produced one email with respect to Request no. 7 and did not produce any documents to explain the allocation of proceeds to Michigan Heritage Bank. The Court will order Plaintiff to produce all documents responsive to Request nos. 6 and 7, including all documents that relate to the allocation of proceeds to Michigan Heritage Bank. If after reasonable effort Plaintiff is unable to locate any responsive documents that have not already been produced, Plaintiff must state as much in a written supplemental response.

**IT IS THEREFORE ORDERED** that Defendant's motion to compel production of documents and deposition of witness under Fed. R. Civ. P. 30(b)(6) (docket no. 48) is **GRANTED IN PART**. On or before December 14, 2012 Plaintiff must produce all documents responsive to Request no. 3, and must supplement its responses to Request nos. 6 and 7 as discussed in this Order. If after reasonable effort Plaintiff is unable to locate any documents responsive to Request nos. 3, 6, and 7 that have not already been produced, Plaintiff must state as much in a written response served on Defendant. In all other respects, Defendant's motion is denied.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 30, 2012         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: November 30, 2012                s/ Lisa C. Bartlett
                                                            Case Manager