**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**FEDERAL DEPOSIT INSURANCE**
**CORPORATION as RECEIVER**
**OF MICHIGAN HERITAGE BANK,**

      **Plaintiff,**                  **CIVIL ACTION NO. 11-CV-13442**

  vs.                              **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**TIMOTHY J. CUTTLE,**          **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendant.**
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR DETERMINATION AS TO**
**CONFIDENTIALITY OF CERTAIN DOCUMENTS (DOCKET NO. 88)**

This matter comes before the Court on Defendant Cuttle's motion for determination as to confidentiality of certain documents. (Docket no. 88). Plaintiff filed a response to the motion. (Docket no. 95). Defendant filed a reply. (Docket no. 96). The motion has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 89). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The Court is ready to rule on the motion.

Defendant challenges the confidentiality designation by Plaintiff of the following categories of documents produced by Plaintiff during the course of discovery (1) all deposition transcripts and exhibits; (2) all Michigan Heritage Bank board packages, and bank and committee minutes (including but not limited to Bates Nos. F008611-027680; F027681-27768; F039407-039421); and (3) any and all documents that Plaintiff has identified as relating to damages or mitigation (including but not limited to F029966-33105; F033106-33475; F046700-46710; F046711-46734; and F46735-

1

47326). Defendant contends that Plaintiff improperly asserted blanket confidentiality as to virtually every one of the 46,000 discovery documents it has produced in this case in violation of the Stipulated Protective Order. Defendant seeks an order determining that the above categories of documents are not confidential and are not subject to the Stipulated Protective Order, except for specific portions that contain confidential information and have been so identified and marked by Plaintiff. Defendant also contends that "sensitive business information" is not entitled to protection under the Stipulated Protective Order.

Plaintiff opposes Defendant's motion, acknowledging that it erred on the side of caution in using the confidential designation in order to meet its production deadlines, but arguing that the Stipulated Protective Order allows comprehensive use of the designation by the designating party. Plaintiff contends that it informed Defendant of its intent to make liberal use of the confidentiality designation back in November 2011, notifying Defendant that its preliminary review of documents revealed that there would be only "a few documents in large swatches of documents that did not require the designation." (Docket no. 95, ex. E). According to Plaintiff, despite the fact that Defendant knew that Plaintiff was making liberal use of the confidentiality designation, he waited almost an entire year after Plaintiff had produced over 46,000 pages of documents to object to broad categories of documents designated as confidential. In doing so, Plaintiff contends that Defendant failed to object to the designation of *particular* material as confidential as he was required to do under the Stipulated Protective Order.

Plaintiff states that prior to the time this motion was filed it agreed to remove the confidential designation from the Rules/Guidelines and Policies for Michigan Heritage Bank (Bates Nos. 29398-29965) and from deposition transcript pages that do not contain personal identifying information or

sensitive business information. Plaintiff further claims that it would have been impossible to review the remaining categories of documents challenged by Defendant, which number in excess of 20,000 pages, within the ten days provided under the Protective Order. By way of compromise, Plaintiff offered to engage in an ongoing dialogue and resolution process on a case-by-case basis as it relates to the confidential designation of documents, provided that Defendant identify particular material that should not have been assigned confidential status.

The Court entered a Stipulated Protective Order on October 28, 2011. (Docket no. 8). The Protective Order provides that the parties may designate discovery material as confidential information by marking the *appropriate pages* or *sections* with a label reading "Confidential." The Protective Order defines confidential information to include materials or documents containing non-public information related to the regulation, supervision, or receivership of Michigan Heritage Bank, or private or identifying information regarding Defendant Cuttle or the Bank's customers, which information is deemed confidential or exempt from public disclosure under federal or state law. The Protective Order also defines confidential information to include any trade secret or other confidential research, design, development, financial or commercial information, as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G) and applicable law interpreting Rule 26(c)(1)(G).

Under the terms of the Protective Order, a party may object to the designation of particular material as confidential information by giving written notice of its objection to the designating party. Upon receipt of a written objection, the designating party must in good faith reconsider its designation and meet and confer with the objecting party in an effort to resolve the objection. "If, within ten (10) days from receipt of a written notice, the parties have not reached an agreement

concerning the confidential status of the documents, the objecting party may apply to the Court for a ruling that the challenged documents not be considered confidential and be deemed not subject" to the Protective Order.  The Protective Order imposes the burden of establishing the confidential status of challenged material upon the designating party.  (Docket no. 8).

Defendant cites *MSC Software Corp. v. Altair Eng'g Inc.*, No. 07-12807, 2012 U.S. Dist. LEXIS 69107 (E.D. Mich. May 17, 2012) in support of his position.  The plaintiff in *MSC Software* challenged the defendant's designation of five defense expert reports.  The court referred the matter to a special master for recommendation.  Plaintiff then objected to the special master's recommendation as to one rebuttal expert report which defendant had designated as Highly Confidential/Attorneys' Eyes Only (AEO).  Plaintiff argued in part that the rebuttal report should be re-designated as confidential with respect to plaintiff so that appropriate personnel could review it, asserting that "MSC personnel involved in [the] litigation should not be precluded from reviewing any reports."  *Id.* at*4.  The court agreed and concluded that the rebuttal expert report should be re-designated as to plaintiff.  In reaching this decision, the court observed that the relevant inquiry was "whether the designating party [met] its burden to show good cause for a particular designation in the face of an objection."  *Id.* at *18.  The court further observed:

> Allowing mechanical designation by a producer is a convenient and justifiable mechanism to move litigation along, but the designating party retains the fundamental responsibility to 'show cause' for protection....Once the designation has been challenged, it is the burden of the designating party to justify the need for enforcement of the protective order in accordance with its terms.
>
> Moreover, when the need for a certain level of protection is premised on the existence of confidential information, the designating party must make a *particularized showing* that the information sought to be protected is entitled to that protection....The producer must demonstrate that disclosure will result in a clearly defined and very serious injury to its business.

4

*Id.* at *12-13 (internal citations and quotation marks omitted).

In *Flynn v. Oakland Cnty*, No. 05-73850, 2006 U.S. Dist. LEXIS 18748 (E.D. Mich. April 12, 2006), also cited by Defendant in support of his argument, the court ordered the defendants to review approximately 700 pages of discovery it had indiscriminately designated as confidential material. The court found that the terms of the protective order provided that a document could not be deemed confidential unless the designating party reasonably and in good faith believed that the document was confidential. The court further noted that the protective order established a process to protect confidential materials during depositions and file handling that would limit the non-designating party's use of the material.

*MSC Software* and *Flynn* are distinguishable from the instant case in several important respects. First, with respect to *MSC Software*, the plaintiff objected to the designation of an easily identifiable number of particular documents, ultimately objecting to only one rebuttal expert report. More importantly, the plaintiff in *MSC Software* objected to the confidentiality designation of the expert rebuttal report because members of its litigation team were not able to review the report. In *Flynn*, which involved a larger number of challenged documents, the protective order required that confidential material be filed under seal and controlled how such material could be used in depositions and file handling. In addition, the protective order included language which provided that a document could not be deemed confidential unless the designating party held a reasonable and good faith belief that the document was confidential, which at a minimum implied that the designating party reviewed each document before assigning it confidential status.

The instant case involves a different set of circumstances than those involved in either *MSC Software* or *Flynn*. In the instant case, Defendant challenges large categories of discovery that

5

contain tens of thousands of pages of documents. Indeed, Defendant claims that it could potentially challenge the confidentiality designation of virtually every one of the 46,000 pages of documents produced by Plaintiff. Instead, Defendant limited its challenge for the time being to encompass categories of documents that contain an estimated 20,000 pages of documents. By their own admissions, neither party has reviewed the documents at issue to verify whether they are indeed confidential or whether this challenge to their confidentiality designations is valid.

Perhaps even more significant, Defendant has challenged the confidentiality designation of the documents at issue without establishing how the designations have impacted his ability to use the documents. The instant case is unlike *MSC Software*, where the plaintiff's own litigation team was unable to review confidential documents, or *Flynn*, where the protective order governed how confidential information could be used in depositions and file handling. Instead, the Stipulated Protective Order in the case at bar provides for liberal use of confidential documents. Notably, the Stipulated Protective Order provides that confidential information may be disclosed to or examined by the parties to the litigation, counsel and support staff, litigation personnel, expert witnesses, and fact witnesses, among many others. Although the Protective Order does require that confidential information be filed under seal, Defendant has not indicated that this provision has caused him any difficulty, except with respect to one deposition transcript which Plaintiff has chosen up to this point in time not to seal.

The Court is cognizant of the long-standing legal tradition of permitting open and public access to court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983). Therefore, it does not condone the inappropriate designation of confidential documents by either party. However, the Stipulated Protective Order provides a mechanism for the orderly and

efficient challenge to documents that may have been improperly designated. This requires that the challenging party object to the designation of *particular material* and provide written notice of same to the designating party. Identifying particular material in this manner permits the designating party to review its designation of the material within the short ten day window provided under the Stipulated Order. It also permits the challenging party to petition the Court for a ruling as to the particular designations challenged if the parties cannot agree on a resolution. In the face of a proper challenge, the designating party carries the burden of establishing the confidential status of the material. This is not the same as identifying particular categories of documents that encompass tens of thousands of pages of material which neither party has reviewed. It is the opinion of this Court that Defendant failed to object to the designation of particular material as required by the Stipulated Protective Order.

As for Defendant's claim that sensitive business information is not confidential, the Court finds that there is nothing in the Stipulated Protective Order that defines confidential information to include sensitive business information. The Protective Order does, however, identify confidential information to include trade secrets or other confidential research, design, development, financial or commercial information. If Defendant seeks to use any document produced by Plaintiff that was given confidential status on the basis of it being sensitive business information, and Defendant concludes that the document does not meet the definition of confidential information contained in the Stipulated Protective Order, Defendant should provide written notice to Plaintiff of its challenge to the designation of that particular document as provided under the Protective Order.

For the reasons stated in this Order, the Court will deny Defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's motion for determination as to

confidentiality of certain documents (docket no. 88) is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 8, 2013          s/Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 8, 2013          s/ Lisa C. Bartlett
                                         Case Manager