UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FEDERAL DEPOSIT INSURANCE
CORPORATION as RECEIVER OF
MICHIGAN HERITAGE BANK,**

      **Plaintiff,**                               **CIVIL ACTION NO. 11-CV-13442**

   vs.

                                        **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**TIMOTHY J. CUTTLE,**              **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendant.**
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DOCKET
NO. 68) AND DENYING DEFENDANT'S MOTION TO STRIKE (DOCKET NO. 79)**

      This matter comes before the Court on Plaintiff's motion for protective order. (Docket no. 68). Defendant filed a response. (Docket no. 73). Plaintiff filed a reply. (Docket no. 77). Defendant also filed a motion to strike an affidavit attached as an exhibit to Plaintiff's reply brief. (Docket no. 79). Plaintiff filed a response to that motion and Defendant filed a reply. (Docket nos. 80, 84). The motions have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket nos. 69, 81). The motions have been fully briefed by the parties and the Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f)(2).

      Plaintiff moves for a protective order prohibiting the discovery of twelve loan files Defendant requested in his Fifth Request for Production of Documents nos. 1-12, which Defendant served to Plaintiff on September 11, 2012. Defendant's Fifth Request for Production no. 1 asks Plaintiff for the following:

> Produce any and all documents evidencing or relating to the loan file for any loan given by Michigan Heritage Bank to D&T Construction Co. from 2005-2009, as well as any documents evidencing or relating to any collection efforts by Michigan Heritage Bank and/or the Receiver, and documents evidencing or relating to any loss incurred by Michigan Heritage Bank and/or the Receiver, in connection with such loan(s).

Requests for Production nos. 2-12 make identical requests as to the following loans: Chesterfield 21 Mile Holdings, HEFCO Enterprise Business Park, HEFCO Meadowbrook Site LLC, GTR Builders, Inc., Gaetano Rizzo, Fast Trac Investments LLC, Market Street Development Inc., Tyler-Quirk Investment Company, 442 Superior LLC, One Management Inc., and W. Johnson Assoc. LLC. (Docket no. 68, ex. B).

Plaintiff served timely responses and objections to the production requests, claiming that the requests are not relevant and are overly broad, unduly burdensome, and are designed to harass Plaintiff and cause undue burden and expense. Plaintiff also objects on the grounds that the requests are oppressively intrusive into the privacy of the Bank's clients.

Six days after Plaintiff served its responses and objections on Defendant, it filed the instant motion for protective order. Defendant opposes the motion, arguing that the twelve loan files at issue are similar in size, type or purpose to the loans at issue in this case. Defendant also argues that the twelve loans were originated and approved during the same time period by loan officers other than Defendant, and at least some or all of them went into default. Defendant contends that the eleven loans at issue in the complaint are high-dollar, real estate based transactions which were among the largest loans made by the Bank during the relevant time period. He claims that the Bank made only a few dozen loans of the same size, type, and collateral, and he claims that the twelve loans at issue in this motion are a reasonable sample of comparable loans originated by different loan officers during the relevant time frame. Defendant argues that the loan files are relevant to

2

show that his actions were consistent with actual bank practices at the time the loans at issue were made. Stated differently, Defendant claims that the Bank had a practice of disregarding its written lending policies with the full knowledge of senior management and the Board of Directors, and because of this he needs to explore other loan files to uncover evidence that his actions were consistent with actual Bank practices at the time. He also contends that the principal borrower involved in the Bank's loan to GTR Builders is a borrower in one of the eleven loans at issue in the complaint. (Docket no. 73).

As an initial matter, Plaintiff does not state in its motion that it sought concurrence from Defendant before filing the motion. Eastern District of Michigan Local Rule 7.1(a) requires a movant to seek concurrence from the opposing party prior to filing a motion and, if concurrence is not obtained, state in the motion whether or not the parties conferred about the motion. "Seeking concurrence from the opponent is a mandatory directive of the Local Rules of this District." *United States v. Ramesh*, No. 02-80756, 2009 WL 817549, at *6 (E.D. Mich. March 26, 2009). Similarly, Federal Rule of Civil Procedure 26(c)(1) also states that a party seeking a protective order must include in its motion a certification that it has "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court intervention." Plaintiff's motion violates the Federal Rules of Civil Procedure and local rules of this court because it fails to state that it sought concurrence from Defendant prior to filing its motion. Failure to seek concurrence prior to filing a motion is cause for issuing an immediate denial of the relief requested. *United States v. Ramesh*, 2009 WL 817549, at *6; *Tubbs Bros., Inc. v. Prime Eagle, LLC*, No. 12-13104, 2012 WL 3065451 (E.D. Mich. July 27, 2012) ("It is not up to the Court to expend its

energies when the parties have not sufficiently expended their own.").

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). For good cause shown, the court may issue an order to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Good cause is established with "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and [the moving party] cannot rely on mere conclusory statements." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001) (citation omitted). In contrast, good cause "is not established merely by showing that discovery may involve inconvenience and expense." *Lehnert v. Ferris Faculty Ass'n - MEA-NEA*, 556 F. Supp. 316, 318 (W.D. Mich. 1983).

The Court finds that the twelve loans files at issue in this motion are relevant to the claims and defenses in this action. Plaintiff contends that the burden of production is substantial. In support of this contention, Plaintiff submitted the affidavit of Thomas Ruane to address the complexity and burden involved in trying to locate all or just a few of the documents related to loan files that are not the subject of the complaint. Defendant has filed a motion to strike the affidavit because it was attached to Plaintiff's reply brief and not its motion. Mr. Ruane's affidavit states that when a bank is closed and the FDIC-R takes control, not all bank documents are scanned and placed into a document management system. (Docket no. 77, ex. A). Documents not related to the investigation are stored off-site and are either part of the package of loans purchased by and transferred to the acquiring bank or are captured by the Asset Management Group, which purpose

it is to dispose of the assets through the sale of those assets for the Deposit Insurance Fund.

Mr. Ruane states in his affidavit that none of the twelve loan files at issue in this motion are *likely* to be part of the investigation and *are not apt* to be located in the document management system of the FDIC-R.  He also states that it is *unlikely* that the loan files will be in the FDIC's storage facilities.  According to the affidavit, an investigation into the whereabouts of the twelve files will take a substantial amount of effort and require one or more individuals to deal with several different groups or departments within the FDIC.

Plaintiff's allegations of undue burden and expense are speculative and unpersuasive.  The Court is not left with the impression that Plaintiff will suffer a clearly defined and serious injury if required to produce the requested documents.  Consequently, the Court finds that Plaintiff has failed to carry its burden of establishing good cause for a protective order.  As for whether disclosure would unreasonably intrude into the privacy of the Bank's clients, Defendant contends that the Stipulated Protective Order entered in this case (docket no. 8) will adequately protect such information from public disclosure.  Defendant also argues that truly sensitive information pertaining to individual guarantors, such as account numbers, social security numbers, etc., can be redacted if necessary.  Plaintiff has not demonstrated why these protections are not sufficient to protect the material at issue.

The Court will deny Plaintiff's motion for protective order and Defendant's motion to strike.  (Docket nos. 68, 79).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for protective order (docket no. 68) and Defendant's motion to strike (docket no. 79) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff must produce documents responsive to

5

Defendant's Fifth Request for Production of Documents nos. 1-12 on or before April 8, 2013 in accordance with the Stipulated Protective Order (docket no. 8).

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 14, 2013                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 14, 2013                    s/ Lisa C. Bartlett
                                         Case Manager